IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE DERRICK HARRISON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-0294 |
| | § | |
| WARDEN R. MOORE, *ET AL*., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff George Derrick Harrison, TDCJ #01451589, proceeding *pro se* and *in forma pauperis*, filed a section 1983 lawsuit against three prison officials at the Wynne Unit. He seeks preliminary and permanent injunctive relief ordering the repair or replacement of coaxial cable connections for in-cell radio reception at the unit.

Having screened the complaint under section 1915A, the Court DISMISSES this lawsuit for failure to state a claim under section 1983, as discussed below.

*Background*

Plaintiff complains that, for the past two years, in-cell radio reception for inmates has been poor and unreliable due to unrepaired or inadequate radio connections at the unit. He states that coaxial cable is sold in the commissary, but he fears it would be considered contraband if attached to his radio or cell radio connectors. His grievances to prison officials were denied.

Plaintiff asks this Court to grant preliminary and permanent injunctive relief and order prison officials to repair or replace radio coaxial cables and connectors throughout the unit. He further seeks punitive monetary damages for mental anguish.

## *Legal Standards*

*42 U.S.C. § 1983*

42 U.S.C. § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). To prevail upon a section 1983 claim, a plaintiff must demonstrate a constitutional or federal statutory violation and show that the defendants were acting under color of state law when they committed the violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

*28 U.S.C. § 1915A*

28 U.S.C. § 1915A requires the Court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2).

### *Analysis*

In complaining that inmates at the Wynne Unit do not have adequate or reliable radio connections in their cells, plaintiff raises a claim challenging the conditions of his confinement under the Eighth Amendment. An inmate must establish two elements—one objective, one subjective—to prevail on a conditions-of-confinement claim. *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019). First, he must show that the relevant official denied him "the minimal civilized measure of life's necessities" and exposed him "to a substantial risk of serious harm." *Id*. (quotation marks omitted). The alleged deprivation must be objectively serious. *Id*. Second, the prisoner must also show that the official possessed a subjectively culpable state of mind in that he exhibited deliberate indifference to the risk of harm. *Id*.

To satisfy the objective component of his Eighth Amendment claim, plaintiff must demonstrate conditions "so serious as to deprive prisoners of the minimal measures of life's necessities, as when it denies the prisoner some basic human need." *Woods v. Edwards*, 51 F.3d 577, 581 ( 5th Cir. 1995). Listening to radio is not a basic human need, and a prisoner's lack of access to adequate and reliable radio connections does not deprive him of the minimal measures of life's necessities. Moreover, prisoners enjoy no constitutional or federal statutory right to watch television or listen to radio. *Scheanette v. Dretke*, 199 F. App'x 336, 337 (5th Cir. 2006); *see also Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).

Accordingly, plaintiff's claims must be dismissed with prejudice as frivolous and for failure to state a viable claim for relief under section 1983.

## *Conclusion*

This lawsuit is DISMISSED WITH PREJUDICE as frivolous and for failure to state a viable claim under section 1983. Any and all pending motions are DENIED AS MOOT.

This dismissal constitutes a "strike" under section 1915(g).

The Clerk is to provide a copy of this order to plaintiff, to the TDCJ–Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas on February 9, 2021.

_____
Gray H. Miller
Senior United States District Judge